

**FILED**

MAY 16 2017

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL A. BARNES and DONALD J. HUGHES,<br><br>    Plaintiffs,<br><br>vs.<br><br>WASHINGTON CORPORATIONS,<br><br>    Defendant. | CV 17–41–M–DWM<br><br><br>ORDER |

Plaintiffs Daniel Barnes and Donald Hughes ("Plaintiffs") originally filed this action on September 13, 2016, before the Montana Fourth Judicial District Court. On March 21, 2017, Plaintiffs amended their complaint to include a claim of age discrimination, stating in relevant part:

50. Defendant's termination of Plaintiffs constitutes a violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(e), and the Montana Human Rights Act, Montana Code Annotated § 49-2-101, et seq., and entitles Plaintiffs to damages arising out of Defendant's wrongful acts.

1

(Doc. 10-6, ¶ 50). On March 30, 2017, Defendant Washington Corporations ("Defendant") removed to this Court on the grounds that Plaintiffs' reference to the ADEA presents a claim for original jurisdiction pursuant to 42 U.S.C. § 1331. (Doc. 1, ¶ 5.)

Plaintiffs seek to remand this matter to State court, insisting that mere reference to the ADEA does not create a federal question sufficient to warrant removal. *Easton v. Crossland Mortg. Co.*, 114 F.3d 979 (9th Cir. 1997); *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). Plaintiffs emphasize that they did not file an ADEA claim with the Equal Employment Opportunity Commission ("EEOC") or exhaust any of the federal remedies required by the EEOC. (Doc. 11 at 7.) "Rather, the claim was filed with and adjudicated solely by the Montana Human Rights Bureau." (*Id.*) The ADEA was only referenced, as argued by Plaintiffs, because Montana "relies on federal law in addition to its own in construing Montana's discrimination laws." *Estate of Welch v. Holcim, Inc.*, 316 P.3d 823, ¶ 20 (Mont. 2014). Defendants agree that absent a federal claim under the ADEA, remand is appropriate.

Accordingly, IT IS ORDERED that Plaintiffs' unopposed motion (Doc. 10) is GRANTED. Any implied claim under the ADEA is DISMISSED. In the absence of jurisdiction under 42 U.S.C. § 1331, this matter is REMANDED back

to the Montana Fourth Judicial District Court, Missoula County. The Clerk of Court is directed to transfer the case file and close the case.

Dated this 16th day of May, 2017.

Donald W. Molloy, District Judge
United States District Court